1

2

3

4

5                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
6                                    AT SEATTLE

7    JAMES SUBER,

8                          Plaintiff,           Case No. C18-0484-JCC-MAT

9           v.

10   SNOHOMISH COUNTY JAIL, *et al*.,           REPORT AND RECOMMENDATION

11                         Defendants.

12

13             INTRODUCTION AND SUMMARY CONCLUSION

14          This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983.  Plaintiff James

15   Suber has been granted leave to proceed with this action *in forma pauperis*.  Service has not been

16   ordered.  This Court, having reviewed plaintiff's amended complaint, and the balance of the record,

17   concludes that plaintiff has not stated a cognizable ground for relief in this action.  This Court

18   therefore recommends that plaintiff's amended complaint and this action be dismissed without

19   prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

20                                  DISCUSSION

21          Plaintiff submitted his civil rights complaint to the Court for filing on March 30, 2018.

22   (*See* Dkt. 1.)  Though plaintiff's complaint was somewhat difficult to understand, he appeared to

23   allege that Snohomish County Jail staff and/or officials failed to respond to his requests for mental

REPORT AND RECOMMENDATION
PAGE - 1

1   health services, and refused to allow him to speak privately with a mental health provider. (*See*

2   Dkt. 5 at 3.)  Plaintiff identified Snohomish County Jail Mental Health Services, Captain Sytez,

3   and Sergeant Swooney as defendants in his complaint. (*See id*.)  Plaintiff requested damages. (*Id*.

4   at 4.)

5          After reviewing plaintiff's complaint, this Court determined that the pleading was deficient

6   in various respects and, thus, the Court issued an Order declining to serve plaintiff's complaint and

7   granting him leave to amend. (Dkt. 6.)  In that Order, the Court explained that Snohomish County

8   Mental Health Services was not a proper defendant in this action. (*Id*. at 3.)  The Court further

9   explained that plaintiff had not adequately alleged a cause of action against Captain Sytez or

10  Sergeant Swooney because he failed to identify the federal constitutional right that was violated

11  by the conduct of these individuals or to allege facts demonstrating that either of these individuals

12  personally participated in causing him harm of federal constitutional dimension. (*Id*.)

13         Finally, the Court noted that plaintiff had identified a number of members of the Snohomish

14  County Jail staff in his statement of claim, but that it was unclear whether these individuals were

15  intended as additional defendants or were, perhaps, witnesses to the events described therein. (*Id*.

16  at 4.)  The Court advised plaintiff that all intended defendants must be identified in the caption of

17  his complaint, in Part III of his complaint, and in his statement of claim, and that any individual

18  not identified in all three places would not be deemed a defendant in this action. (*Id*.)

19         On May 17, 2018, plaintiff filed an amended complaint in which he identified the

20  Snohomish County Jail Mental Health Staff as the lone defendant. (Dkt. 12.) Plaintiff's statement

21  of claim in his amended complaint is substantially similar to that set forth in his original complaint,

22  though plaintiff does identify in his amended complaint the federal constitutional provisions which

23  he believes were violated by defendant's alleged failure to adequately respond to his mental health

REPORT AND RECOMMENDATION
PAGE - 2

1  needs; *i.e.*, the Eighth and Fourteenth Amendments.  Unfortunately, plaintiff fails to identify any

2  viable defendant in his amended complaint.  As plaintiff was previously advised, the Snohomish

3  County Jail Mental Health Staff, the only defendant identified by plaintiff in his amended

4  complaint, is not a proper defendant.  Absent a viable defendant, plaintiff may not proceed with

5  this action.

6                                              CONCLUSION

7          When a complaint is frivolous, malicious, fails to state a claim on which relief may be

8  granted, or seeks monetary relief against a defendant who is immune from such relief, the Court

9  may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. §

10  1915(e)(2)(B).  Because plaintiff failed to identify in his amended complaint any viable defendant,

11  he has failed to state any claim upon which relief may be granted and, thus, this Court recommends

12  that plaintiff's amended complaint and this action be dismissed, without prejudice, under

13  § 1915(e)(2)(B)(ii).  A proposed order accompanies this Report and Recommendation.

14                                              OBJECTIONS

15          Objections to this Report and Recommendation, if any, should be filed with the Clerk and

16  served upon all parties to this suit within **twenty-one (21)** days of the date on which this Report

17  and Recommendation is signed.  Failure to file objections within the specified time may affect

18  your right to appeal.  Objections should be noted for consideration on the District Judge's motion

19  calendar for the third Friday after they are filed.  Responses to objections may be filed within

20  **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be

21  ready for consideration by the District Judge on **July 13, 2018**.

22  / / /

23  / / /

REPORT AND RECOMMENDATION
PAGE - 3

1    DATED this <u>18th</u> day of June, 2018.

2

3

                        Mary Alice Theiler

4                            United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION
PAGE - 4